UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **MORRIS S. VILLIA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-6464-ILRL-SS** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | |

### REPORT AND RECOMMENDATION

The plaintiff, Morris S. Villia ("Villia"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act") of a decision denying his claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Rec. doc. 1.

### PROCEDURAL HISTORY

Michael J. Astrue, Commissioner of Social Security Administration ("Commissioner"), reports that: (1) on August 7, 1998, Villia was found disabled as of November 1, 1996; (2) on May 9, 2002, the disability was determined to have continued; (3) on June 3, 2008, it was determined that he was no longer disabled; (4) on March 5, 2006, there was a hearing before an Administrative Law Judge ("ALJ"); and (5) on September 16, 2009, Villia was notified of an unfavorable decision. Rec. doc. 10. The notice stated that if he disagreed with the decision, he could file an appeal with the Appeals Council. Rec. doc. 10 (Declaration of Patrick Herbst - Exhibit 1). There is no record that he requested that the Appeals Council review the September 16, 2009 decision. Id. On September 21, 2009, he sought leave to file his complaint in federal court *in forma pauperis*. Rec. doc. 2.

On December 22, 2009, the Commissioner filed a motion to dismiss on the ground that Villia

did not exhaust his administrative remedies. Rec. doc. 10. Villia filed an opposition and a motion for an administrative review. Rec. docs. 13 and 14.

## **ANALYSIS**

The United States is immune from suit except as it consents to be sued, and the terms of its consent to be sued in any court define the court's jurisdiction. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698 (1981). Judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by 42 U.S.C. § 405(g) and (h). Judicial review is authorized only for a final decision by the Commissioner made after a hearing. Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980 (1977). The regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a).

If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. Id. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id.

After the ALJ issued the unfavorable decision, Villia failed to request that the Appeals Council review the decision. Because Villia did not exhaust his administrative remedies, he did not obtain a judicially reviewable "final decision" and the complaint seeking judicial review must be dismissed.

2

In his opposition, Villia only addresses the merits of his claim for disability benefits. Rec. doc. 13. In his motion for an administrative review rehearing, he requests a DNA/paternity test. Rec. doc. 14. There is no basis for this motion. Any request for administrative review of the ALJ's decision must be presented to the Appeals Council. Because he did not make such a request within 60 days of the ALJ's decision, Villia would be required to demonstrate good cause for an extension of the time for seeking review from the Appeals Council. 20 C.F.R. § 404.968(b).

## RECOMMENDATION

IT IS RECOMMENDED that the Commissioner's motion to dismiss (Rec. doc. 10) be granted and Villia's motion for administrative review hearing (Rec. doc. 14) be denied.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of May, 2010.

                        **SALLY SHUSHAN**
                        **United States Magistrate Judge**